■ In the Matter of the Claim of MAX MAYER, Respondent, against ALL ELECTRONICS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from an award of disability compensation. Appellants contend that claimant's injuries did not arise out of and in the course of his employment, and raise no other issue. Claimant was essentially an inside office worker who occasionally went on outside errands for

the employer. On November 20, 1952, claimant left his home at about 7:00 A.M., and, while crossing Broadway at 142d Street, he was struck by a motor vehicle and sustained the injuries for which the award was made. Claimant testified that by previous arrangement he was to meet a salesman of the employer at the corner of Broadway and 155th Street for the purpose of turning over to the salesman some delinquent accounts of the employer which claimant had with him. He testified that this was customary at about the 20th of each month, and that he had left early for work that morning to keep the appointment. Claimant's wife testified that claimant had the company delinquent accounts with him. The salesman testified to the appointment to meet at that place for that purpose. There is evidence that these witnesses had made previous statements to the effect that the meeting place was to be the office of the employer and appellants attack the crediblity of the witnesses. Credibility is a matter for the board's determination, and the board has found that claimant was injured while on a mission for the employer and for the employer's benefit, and that his injuries arose out of and in the course of his employment. We may not say as a matter of law that there is no substantial evidence to support the finding. It is immaterial that claimant had not deviated from his usual route to work. (*Matter of Goldman* v. *Palmer & Oliver*, 277 App. Div. 194, motion for leave to appeal denied, 301 N. Y. 814.) Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.